FILED

08/16/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 15-0513

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 198N

IN THE MATTER OF:

B.J.T.H. and B.H.T.H.

     Youths in Need of Care.

| | |
|---|---|
| APPEAL FROM: | District Court of the Third Judicial District, In and For the County of Deer Lodge, Cause Nos. DN 11-03 and DN 11-04 Honorable Ray Dayton, Presiding Judge |

COUNSEL OF RECORD:

     For Appellant:

          Myshell Lyday, Lyday Law, PLLC, Missoula, Montana

     For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

          Karen P. Kane, Assistant Attorney General, Child Protection Unit, Missoula, Montana

Submitted on Briefs: June 15, 2016

Decided: August 16, 2016

Filed:



_____
               Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     S.H.V.H. (Mother) appeals from an order entered by the Third Judicial District Court, Deer Lodge County, denying her Motion to Set Aside Relinquishment Due to Undue Influence.[1] She argues that (1) the District Court erred when it failed to find consent was obtained by duress and fraud, and (2) that she was denied the effective assistance of counsel during the hearing on her motion. We affirm.

¶3     Mother is the birth mother of twins, B.H.T.H. and B.J.T.H., born in July of 2009. On September 12, 2012, the District Court terminated Mother's parental rights finding that Mother had executed a knowing and voluntary relinquishment after receiving counseling. Mother failed to appeal, but subsequently filed a request for an out-of-time appeal. We granted her request and appointed counsel. In her first appeal, Mother raised the following issues: (1) Did the District Court err in denying Mother's request to discharge her court-appointed counsel; (2) Did the District Court err in accepting Mother's relinquishment; and (3) Did the District Court err in denying Mother's request to modify the treatment plan and stay the termination hearing. We observed that

---

[1] On June 15, 2016, this Court entered an order consolidating, for purposes of appeal, *In the Matter of B.J.T.H.*, Cause No. 15-0513, and *In the Matter of B.H.T.H.*, Cause No. 15-0514.

"Mother . . . argues that the District Court erred in accepting her relinquishment because her consent was obtained by duress and she was not offered the required three hours of relinquishment counseling." *In re B.J.T.H.*, 2013 MT 366, ¶ 11, 373 Mont. 85, 314 P.3d 911 (hereinafter, *B.J.T.H. I*). Mother had not raised the issue of duress in the District Court. This Court affirmed the judgment of the District Court terminating Mother's parental rights, *B.J.T.H. I*, ¶¶ 17, 22, but remanded for a determination to be made on the single issue of whether Mother had received the required relinquishment counseling. We did not specifically determine whether plain-error review was appropriate to allow review of Mother's remaining duress claims, if any.

¶4     Following remand, the District Court conducted a hearing on January 22, 2014, to determine whether the counseling received by Mother satisfied the provisions of § 42-2-409(1), (2), MCA. Mother again did not raise any claims of duress. The District Court determined that Mother had received the requisite counseling. Mother appealed, arguing that the District Court's decision was not supported by substantial evidence and that the counselor had failed to produce a written report in compliance with the provisions of § 42-2-409(4), MCA. We again affirmed the judgment of the District Court terminating Mother's parental rights, *In re B.J.T.H.*, 2015 MT 6, 378 Mont. 14, 340 P.3d 557 (hereinafter *B.J.T.H. II*), concluding that all statutory requirements regarding counseling had been satisfied.

¶5     On February 18, 2015, Mother filed a Motion to Set Aside Relinquishment Due to Undue Influence arguing that, during a court recess at the September 5, 2012 termination hearing, she was coerced into signing the relinquishment and fraudulent allegations were

made to her by her family about future contact Mother would have with the children. At a hearing on June 17, 2015, the District Court began by expressing its opinion that Mother had multiple opportunities to raise the issue of undue influence by family members. The District Court opined that Mother could have asserted such a claim at the termination hearing; any time prior to the entry of the District Court's initial judgment terminating her parental rights pursuant; on her first appeal; in a petition for rehearing before this Court; or in her second appeal. In an abundance of caution, however, and to prevent further delay of permanency, the District Court received evidence pertaining to Mother's allegations of undue influence by family members. Following the hearing, the District Court entered a comprehensive order stating its reasons why it did not accept Mother's fraud theory. Mother has now filed the instant appeal from the District Court's order—her third attempt to set aside the termination of her parental rights and prevent adoption.

¶6     Regarding Mother's allegation that family members induced her to relinquish the twins because of fraudulent promises, we cannot ignore the chronology of these proceedings and the delay in achieving permanency for the children. The events giving rise to Mother's claim arose on September 5, 2012, when Mother signed her affidavit of relinquishment. Six days elapsed before the State's petition to terminate was filed. Another 128 days elapsed between the time the District Court entered its order terminating parental rights and the entry of judgment. At no time did Mother make a claim of duress based upon fraudulent allegations made to her by family members. Mother's claim of duress was for other reasons.

4

¶7      Mother allowed the time period for filing an appeal to expire.  This Court nonetheless granted her an out-of-time appeal and appointed counsel.  Mother did not indicate in her motion that she had been coerced into signing the relinquishment affidavit as a result of undue influence, but instead represented that she had made significant changes in her life and was now fit to parent her children.  In her first appeal, Mother's opening brief made a claim of duress based upon the alleged deficiencies in the affidavit and was not based upon undue influence or fraud exerted upon her by family members.  On remand, Mother was represented by counsel and again did not raise allegations of undue influence or fraud by family members.  Mother also did not assert such a claim in her second appeal before this Court.

¶8      We are indeed cognizant that § 42-2-417(1)(a), MCA, allows a court to set aside a relinquishment based upon "clear and convincing evidence, *before a decree of adoption is issued*, [on the basis that] the consent was obtained by fraud or duress . . . ."  (Emphasis added.)  However, Mother has already raised an issue of duress and voluntariness of her relinquishment, which this Court has considered and denied.  Mother merely seeks today to assert a different theory of duress and/or fraud.  We will not allow such a piecemeal splitting of issues, especially given that permanency of these children has been undeniably withheld as a result of this prolonged litigation.  We observe that the only reason an adoption decree has not been entered for these children is because of Mother's several appeals.

¶9      Mother also asserts that she was denied the effective assistance of counsel during the June 17, 2015 hearing, on her motion to set aside her relinquishment.  To the extent

we have already determined that Mother's claims of duress were considered and denied prior to the June 17, 2015 hearing, it is unnecessary to address the effectiveness of counsel at the hearing on her motion. We observe, however, that Mother fails to cite any deficient conduct by counsel during the hearing or advance a basis upon which we could find she was prejudiced by counsel's deficient conduct. *In re C.M.C.*, 2009 MT 153, ¶ 31, 350 Mont. 391, 208 P.3d 809. Mother's argument that counsel "would have been able to testify (on a limited basis) to what was [sic] transpired during the unrecorded meeting" and that it would "bolster" her testimony is based upon pure speculation. Significantly, the District Court specifically found that the testimony of family members was credible and that Mother's was not. The District Court was correct to deny Mother's ineffective assistance of counsel claim.

¶10 The children were removed from Mother two years after birth, and now nearly five years later, B.J.T.H. and B.H.T.H. still have not achieved permanency. Mother cannot assert a claim of duress in a split and piecemeal manner as she attempts to do. We do not favor such manner of litigation "as it creates a needless waste of judicial resources. Moreover, in the context of the welfare of the child involved, it is clearly not in [the child's] best interest to prolong this litigation." *In re B.G.B.*, 183 Mont. 347, 352, 599 P.2d 375, 378 (1979).

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶12    Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE